Council. The first case today is number 171975 United States v. Dante Rodriguez-Rivera et al. Good morning. May it please the court. I'm Assistant United States Attorney Denise Longo-Quinones here for the appellant United States of America. I would like to request two minutes for rebuttal. Yes. As I indicated before, I'm here on behalf of the United States. It's an interlocutory appeal where we're requesting that the court vacate an order by the district court where the court dismissed six counts of aggravated identity theft pursuant to a pretrial motion. We requested the court then remand for further proceedings so we can go to trial. I would first like to address why the order of dismissal was procedurally premature and then move on as to why the decision was legally wrong. It was procedurally premature because, as explained in our brief, the indictment itself was technically sufficient to have the case called for trial. As recognized in Costello v. United States, in the ordinary course of events, a technically sufficient indictment handed down by a duly and panel jury is enough to call for trial for charges on the merits. In this particular case, the government filed an indictment that closely tracked the language of the statute and identified the conduct that was alleged that gave grounds to the charged conduct. That was sufficient on the federal rule of criminal procedure number seven since it was a plain, concise, and definite written statement of the essential facts constituting the offense that gave warning to the defendants as to what's the conduct that they would have to defend against. And if they had to claim double jeopardy, it would be sufficient for them to know when double jeopardy would attach. The order issued by the district court, however, ignored the applicable standard regarding sufficiency of the indictment. Nowhere in the order is there a reference as to how the court applied that standard, which in reality it did not apply. It jumped to a conclusion that it could make its determination based on an interpretation of law, but it failed to address that the indictment itself charged both the elements of transfer, possess, and use. It was charged in the conjunctive with the intent of being able to prove in the disjunctive. In this particular case, the argument is that the defendants filed claims for reimbursement to Medicare. The fraud is a healthcare fraud, obtaining funds from Medicare for services that were never rendered. It's a particular allegation in the case. Paragraph 21 of the indictment includes a statement that clearly says that in order for any claim to be filed by a supplier, in this particular case it was done for durable medical equipment. Equipment is a supplier of medical equipment. You have to have the beneficiary or the patient assign the claim of reimbursement to the supplier, and then the supplier files that particular claim on behalf of the beneficiary. You're now on to your second argument, right? Your first argument is you could have said he was eating a hamburger on March 10, and that would still be adequate under Rule 7. To go to trial, that would be the first one, correct. Your second argument is, okay, we didn't say he was just eating a hamburger. We actually alleged facts that show identity theft in your point of the assignment. If we were to get to that point, the assignment would really only be something you could point to vis-a-vis the equipment company, wouldn't it? The doctor writing out the prescription didn't need an assignment to write a prescription. The indictment is charging conduct aiding and abetting. It includes a Title 18, Section 2 element. They would get brought in vicariously on the assignment asserted by the equipment manufacturer. That is correct, Your Honor. That's the standard. Really, the charges are against the owner of the company, the doctors as aider and abetters, the builder, which is Mr. Aguirre, as an aider and abetter, and the delivery man, which is also an aider and abetter. In reality, the six defendants are really in the aider and abetting standard. They are, however, essential to the assignment. In this particular case, this is really akin, and I guess we would be moving into the second argument. They're just so close. The point with the first argument is that, yes, our main point is that this is a case where a fair analysis of sufficiency of the indictment should take us back the remand so that we can present our case and then, based on an actual record, then come back and argue whether or not that conduct meets or does not meet the aggravated identity theft statute. By an actual record, are you pointing to anything other than a full trial? It would be a full trial. In this case, there's nothing other than the indictment. Nothing was presented. That is one of the deficiencies of the order of the court. The court makes a factual finding that the defendants did not act on behalf of the beneficiaries, but in order to do that, that is a factual finding. We are alleging on paragraph 21 that they did act on behalf of the beneficiaries. One of the other paragraphs in the indictment, paragraph 44, for example, clearly states that the argument is that this is a case where every single claim that presented as part of the conspiracy were claims where the doctors did not have a doctor-patient relationship with the beneficiary, because that's part of what the evidence would present. The evidence that was developed in the investigation is that these are beneficiaries for whom these doctors appear prescribing durable medical equipment, but they don't appear as a doctor with an office visit or charging any visits, so they're not charging a doctor-patient relationship. That, however, is not part of the record of appeal right now because we don't have a record. If an indictment properly alleges in quotes a statutory offense, and then in pointing to the occasion or incident on which that offense occurred, pointed to conduct that is clearly not criminal, is there any exit ramp under your view for a defendant as a practical matter other than going to trial and then moving to a judgment of acquittal? It could be in a circumstance where there is no dispute of fact. However, in this particular case, I think that the crux of the matter is that the court, and in issuing its order, it says that they're making the determination that they didn't act on behalf. Our position is that that determination is a factual finding that is within the purview of the jury, that the court did not have jurisdiction to decide whether or not they acted on this behalf. It sort of goes into the second argument because we go straight into Michael, which is the Sixth Circuit decision where the Sixth Circuit, in analyzing the cases that were the foundation for Bedroa, clearly indicates that doing this type of claims is acting on behalf of the beneficiary. When you say there's no dispute of facts, assume there are no dispute of facts, but the government still wants to go to trial. What's the exit ramp for the defendant, if any? I understand that under the legal standard, it would have to be that there is no dispute of fact, and I think that there's a... So what motion would a defendant bring forward? It would be a motion to dismiss. There's an opinion by Judge Bezosa bringing, there's a standard for when such a, that has not been adopted in the First Circuit, but I think it's been adopted in the Second and the Fourth, that there's a standard, there's a four-step analysis that could be applied, and I can't recall what the case is, but there's an order from Judge Bezosa where he brings it by analogy and goes through the fourth step, and it would require that the government agree to the stipulated action of facts. Thank you. So, but in the absence of the stipulated facts, it would have to be at the close of the government's case at the earliest time, and that's the typical... I ruled 29, that's correct, Your Honor. Are the, you said Second and Fourth Circuit. I would have to, I would have to look at the cases. Are they brief? They're not in the brief. That, that, that argument was not brief. I just, I read it in preparation for, for the motions, but it's not briefed. Thank you. Good morning, Your Honor. Ignacio Fernandez on behalf of defendant, and appellee Dante Rodriguez, and appellees Sibelio and Marta Nieves are also joining my, my arguments. First of all, let me welcome the court, if I may, to my hometown of Ponce. It is an absolute honor to have, to have the First Circuit sit back here in Ponce. So, there is an exit ramp, Your Honor. The exit ramp is the motion to dismiss, and there are no disputes, disputes of facts. Disputes of facts in the sense that at this stage, the district court assume all the facts alleged in the indictment were true. But what, what's your, what's your authority for the proposition that if you think the factual allegations in the indictment simply don't make that a crime, and you don't dispute any of them, but you don't have the stipulation, and you don't have the consent of the government to have a motion to dismiss her, what's your, what's your authority for the proposition that a defendant can require that effectively a Rule 29 motion be heard before trial? Well, I think that, that is the case law, and I would have to double check the case law, but I mean that, it's in my brief. That's a case law of the First Circuit. That's the whole point of a motion to dismiss. I mean, that was the evidence presented to the grand jury, and whatever it is that the government is alleging against a defendant has to be brought forth before a grand jury. I don't recall you pointing to a case that said that. But the point, the cases that I pointed in my brief gave the standard of review that the district court has to, has to use when reviewing a motion to dismiss, and the standard of review that the First Circuit has to use when, when reviewing a motion to dismiss, which is you take all the facts as truth. Precisely to prevent any, any conflict of the facts, because if there were, then absolutely you would have to go to trial. But if we accept the facts as true, as taken, as presented in the indictment, and they did not constitute the charge offense, then certainly the, the defense has a, has the opportunity to present a motion to dismiss. Now, my, the issue, the first issue brought by my sister, saying that the district court did not allow the government to present evidence as to the possession or transfer prong of the 1028A, my argument is, first of all, that, that argument was way, your honor. The, on the response to our motion to dismiss, the government did not raise that issue. And the government only relied and only argued to the district court that the charge conduct constituted use. It did, it meant it had no mention whatsoever of transfer or possession. Now, also- It isn't use. One form of use is to say that John has authorized me to act on John's behalf. So I am here acting on behalf of John. Yes. And in fact, John hasn't authorized me. That is a use, that's an identity theft. Absolutely. Well, here they allege that in order for the equipment manufacturer to get a reimbursement, the equipment manufacturer needed to represent that it had been assigned John's rights. Sure. To act on John's behalf, to get the reimbursement that was supposed to go to John. No, because being an assignee doesn't mean you represent that person. It only means paying me for something I- It means I've been assigned your rights by you. Yes, I am Medicaid. I have to pay, reimburse you for the cost of a wheelchair, for example. Instead of you paying me, you gave me an assignment and I go to Medicare and I get paid. But that's not acting on your behalf. For example, if you go to U.S. via Valdez Ayala, where the bankruptcy petition preparer filed bogus bankruptcy petitions on behalf of bankrupt clients. I mean, that is acting on behalf of somebody. He's holding himself out to be a representative of that person. That's not what happened here. What's alleged here. What's alleged here is that the equipment, the company, told Medicare they need directly. That doesn't mean I'm acting on the client, on the patient's behalf. Actually, equipment and the patients have opposing interests in this case. Also, your honor, if you- I pointed out in my brief that in the indictment itself, what the indictment says was that all of the defendants acted on, and I quote, on behalf of Equipament. That's what did happen. I mean, when they went to Medicare and filed the claims, the alleged fraudulent claims, they were acting on behalf of Equipament, the company, the DMV supplier. They were telling Medicare, they pay Equipament. Now, they did act on behalf of Equipament, but not on the patient. Those are two different things. So anyway, so getting back to the use, if I may, I'd like to use my last 30 seconds to bring forth an example that I thought of on my way here. Something that is familiar to the court. If, for example, a defense attorney who's a member of the CJA panel puts on his or her voucher that they met for three hours with sister counsel at the U.S. attorney's office to discuss an appeal, or to discuss a case prior to going to trial, and that is false. Is that identity theft? According to the government's view or definition, it is, because that attorney used that name, used meaning in the colloquial sense, on a fraudulent claim to the U.S. government. But that attorney didn't steal anything. Thank you, Your Honor. Good morning, Your Honor. For your record, Attorney Juan Rodriguez representing APD, George Picantera. In the case of Mr. Alcantara, there's only one sentence in the indictment that refers to the, and it's in our briefing page, in the indictment on page 22, the charge about committing ID theft. Our co-defendant, Alcantara, is not in the same position that we met our other defendants. He didn't get any reimbursement. He didn't have the option of asking for reimbursement from Medicare about it. Since the beginning of this case, we've been asking the government that this case shouldn't be brought to the attention of the, in one indictment, three different comparisons in one indictment on different charges. In the case of Dr. Alcantara, one thing is to file a falsified or completely bogus claim, and one thing is to expand that claim, which is the core of the matter here. If someone commits a fraud because they say, hey, he's not my client, he's not my patient, he's not my, the person's not entitled to, and I get that information from someplace else is one thing, but if I file a claim and the content within the claim differs from the reality, that's expanding the bill, and it's not ID theft. If we go to the reasoning behind ID theft, it's collecting the information from somebody that we are not entitled and submitting those. As I understand the argument you're making and the argument that was in the briefs, you're arguing that the conduct alleged by the government doesn't measure up to the criminal charge made. Correct. As you would in a Rule 29 motion had the government presented its case. I have for you the same question I had for your colleague. The government's principal argument, as I understand it, is that there is no procedural vehicle for advancing that argument prior to the government's presentation of its case, at least in the absence of a stipulation and consent by the government, and I could not find in either of the defendant's briefs any case that says that that's wrong, that there is such a procedural vehicle as you're now pursuing. Have I missed some authority here that says that you can bring forward a motion prior to trial to argue in effect that the conduct alleged doesn't constitute an offense? If we bring it from the civil sector, would it be a motion for summary judgment? But we have to stipulate it. You say facts. Well, sure. If we had a civil case, we would call this a 12B6 motion. Correct. We would look at the allegations and the pleading, but there doesn't seem to be an analog to a 12B6 motion in criminal procedures. My question is to you, am I missing something? Is there is some rule or case that says you can, in effect, bring a motion to dismiss for failure to state a criminal offense in a criminal procedure? Taking the nature of the criminal case where the government owns the entire case, they file the complaint, they do the investigation, the criminal charges are pressed. Defendants should have an opportunity to at least bring out to the attention of the court that there are some elements missing. And the way the case goes, it has to the court, the presiding judge of that court, to make a determination of the facts, a predetermination of the facts. Like in the case of Dr. Alcantara, he's not the medical company that is filing those reimbursements. Based on the indictment, he might be charged, I mean definitely, for committing fraud in the content of those filings, but not in terms of getting information, charging somebody else that is not within his care. Basically, that's our argument. It's only one paragraph in the case specifically of Dr. Alcantara that refers to ID10. Can you take a look at the paragraph? You've moved on to your second argument, or their second argument. Yes. For rebuttal, your honors, I would like to bring to your attention that 1028A and the ruling of the case law is not limited to merely impersonation. As clearly identified in Berroa, it extends to acting on somebody else's behalf. And it extends to conduct, and in that respect, the case law is strong for that purpose. If we look at Valdez Ayala, in that case, as cited by Mr. Ignacio Fernandez. I think they did an argument, though, that I hadn't quite focused on before. Their argument is there's a difference between saying, as a matter of fact, he assigned his rights, and I'm exercising them, as opposed to saying, I'm one of John's agents or couriers, and I'm here on his behalf. They're drawing a distinction between those two. That's the distinction. It's the distinction that comes in with Miller. That's the decision of Miller in the Sixth Circuit, where it says it's incidental to the crime. But if we go to Michael, that's where it goes to the explanation of when you're acting on somebody else's behalf, during and in relation to the perpetration of the crime. That's the crux of the matter. And that's the difference between Berroa and Miller, and Michael, and this case right now. But if I have an assignment, am I actually acting on your behalf? If I have an assignment from you, am I acting on your behalf? Or am I simply saying, I now have the rights, and I'm acting on my own behalf? Well, in these cases, the difference is that there is no actual assignment, because that's part of the fraud. In this case, the victims are being framed or duped. The same thing as in Michael, where it's like the assignment, it's a falsehood. And in this case, that would be the presentation of the evidence. The assignment is a falsehood. The beneficiary has not, in fact, assigned. They're misrepresenting the assignment in order to file the claim, in order to get the fraud completed. So it is during and in relation. And that goes to the crux of the language in Michael, which is the closest one factually to our case, saying that that's the control that the staff has with regards to the matter. Thank you.